IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**WILLIAM CLARK**                                                                                **PLAINTIFF**

**v.**                                                                                  **CIVIL ACTION NO. 3:21-CV-56-DAS**

**KILOLO KIJAKAZI, ACTING COMMISSIONER**
**OF THE SOCIAL SECURITY ADMINISTRATION**                           **DEFENDANT**

## FINAL JUDGMENT

Plaintiff William Clark filed a Complaint for Judicial Review of Social Security Decision of the unfavorable decision of the Commissioner of Social Security regarding an application for a period of disability and disability insurance benefits. Docket 1. The parties have consented to entry of final judgment by the United States Magistrate Judge under 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. Docket 16. The Court, having reviewed the record, the administrative transcript, the briefs of the parties, and the applicable law and having heard oral argument, finds that the Commissioner's decision should be affirmed.

## FACTS

The plaintiff filed for benefits on May 21, 2019, alleging onset of disability commencing on May 1, 2019. The Social Security Administration denied the claim initially and on reconsideration. Following a hearing, the ALJ issued an unfavorable decision on November 10, 2020. The Appeals Council denied the request for review, and this timely appeal followed.

The ALJ determined the plaintiff had the following severe impairments: vascular insult to the brain; systemic lupus erythematosus; hypertensive vascular disease; coronary artery disease; and neurocognitive disorder. The ALJ found he retained the residual functional capacity (RFC) to perform light work with the ability to occasionally lift 20 pounds; frequently lift 10 pounds; perform routine, repetitive tasks; work for no more than two hours without a break in

concentration; tolerate occasional contact with supervisors, occasional incidental contact with coworkers, and no contact with the general public; and tolerate occasional changes in the workplace that are gradually introduced.

While the plaintiff cannot perform any of his past relevant work, the ALJ found, based on the testimony of the vocational expert, that there were other jobs in the national economy that would fit within his RFC. For example, the ALJ found he can work as a price marker, power screw driver operator, and small products assembler. These three jobs represent 226,950, 297,050, and 362,825 jobs respectively in the national economy.

## **ANALYSIS**

The plaintiff raises two issues on appeal: 1) whether substantial evidence supports the ALJ's finding that the use of a cane is not medically required; and 2) whether the RFC accounts for all the functional limitations described by Dr. Baskin.

Nurse practitioner Betsey Cordell wrote the plaintiff a prescription for the use of a cane on August 18, 2020. Docket 8 at 372. The record contains only the prescription to "dispense cane" for "arthralgia," or joint pain, and does not offer any instruction as to prescribed use. The accompanying treatment record from August 18, 2020, is for the plaintiff's annual exam during which he complained of hypertension and hyperlipidemia. Docket 8-1 at 756. The treatment notes discuss his history of joint pain, arthritis, and chronic thoracic back pain but indicate he does not take any medication for these conditions. The plaintiff "states he is in so much pain after working all day and can barely walk;" however, the physical examination findings are largely normal. On exam, there was no cyanosis, clubbing, or edema, no active synovitis, and his motor examination was normal. *Id*. at 759. The plaintiff saw Cordell again on September 3, 2020, and he exhibited normal range of motion on exam. *Id*. at 753.

In discussing the medical evidence of record, the ALJ noted Cordell's prescription for the use of a cane yet concluded that "the medical evidence of record indicates that the claimant walks with a normal gait, and probably does not require the use of a cane." The plaintiff contends the ALJ erroneously relied on records predating his third hospitalization in January 2020 to support this conclusion and thus contends it is not supported by substantial evidence. According to the plaintiff, treatment notes from 2020 document his worsening condition and evidence "right-sided weakness" and the use of a cane during medical appointments.

In order "[t]o find that a hand-held assistive device is medically required, there must be medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed (i.e., whether all the time, periodically, or only in certain situations; distance and terrain; and any other relevant information)." SSR 96-9P, 1996 WL 374185 at *7. As a preliminary matter, the record does not contain any medical documentation describing the circumstances for which a cane is needed. Moreover, substantial evidence supports the ALJ's determination that a cane was not required.

Plaintiff cites records from March 2020 in which he reported weakness and was observed walking with a cane, however, these records also document normal range of motion and no motor weakness. *See* Docket 8-1 at 405, 462, 471. Although dated prior to the plaintiff's third hospitalization, consultative examiner Dr. Barry R. Seigel's observed in October 2019 that the plaintiff walked with a normal gait and concluded that a cane was not necessary for ambulation. As discussed herein, nurse practitioner Cordell's August and September 2020 records document normal range of motion and normal motor function. Docket 8-1 at 753, 759. Accordingly, the ALJ did not err in failing to find the use of a cane was medically required.

The plaintiff further argues the ALJ erred in failing to include a limitation for non-confrontational supervision in the RFC. State-agency psychologist Dr. Baskin's mental RFC found the plaintiff capable of "accept[ing] supervision if not confrontational in nature." The ALJ

did not include this limitation in the RFC yet found Dr. Baskin's opinion persuasive and consistent with and supported by other medical evidence and the record as a whole. The plaintiff contends the ALJ should have either included this limitation in the RFC or articulated in the decision how he evaluated this particular finding. *See* 20 C.F.R. § 404.1520c(b).

While the ALJ does not discuss the particular limitation regarding confrontational supervision, the decision contains a thorough discussion of the evidence which explains why Dr. Baskin's particular limitation was not included in the RFC. The ALJ discussed psychological consultative examiner Dr. Joann Raby's opinion that the plaintiff had *no* significant limitations interacting with others or in the areas of psychological/emotional adaptation and stability. However, the ALJ acknowledged the plaintiff's own testimony that he has difficulty getting along with others and noted the state-agency physicians' finding that he is moderately impaired in his ability to adapt to changes and requirements. The ALJ determined that the record evidence supported greater limitations than those Dr. Raby imposed on the plaintiff's ability to adapt to changes in the workplace setting and thus included a limitation for "occasional contact with supervisors" in the RFC.

The decision does not discuss Dr. Baskin's particular finding regarding non-confrontational supervision, however, the ALJ clearly considers the plaintiff's ability to accept supervision and, based on the record as a whole, includes a limitation for occasional contact with supervisors. Accordingly, the ALJ's evaluation of Dr. Baskin's opinion is without error and the mental RFC findings are supported by substantial evidence. The court finds there is no reversible error, and the Commissioner's decision is supported by substantial evidence in the record. The Commissioner's decision is **AFFIRMED**.

**SO ORDERED**, this the 27th day of December, 2021.

/s/ David A. Sanders
**UNITED STATES MAGISTRATE JUDGE**